UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

In Re:
SONA MOBILE HOLDINGS CORP.,

Debtor.

———————————————————

TIMOTHY S. CORY; WILLIAM A. LEONARD; and LENARD E. SCHWARTZER;

Plaintiffs,

v.

eBET LIMITED; eBET SERVICES PTY, LTD.; and ANTHONY P. TOOHEY;

Defendants.

2:12-cv-00252-PMP-NJK

BK-S-09-14577-BTB
Adv. No. 11-01118-BTB

**ORDER**

Before the Court is Defendant Anthony P. Toohey's ("Toohey") Motion to Dismiss Amended Adversary Complaint (Doc. #23), originally filed with the United States Bankruptcy Court for the District of Nevada on September 25, 2012, and filed with this Court on December 10, 2012. Plaintiffs filed a Response (Doc. #21) with this Court on December 4, 2012. Toohey filed a Reply (Doc. #28) on December 21, 2012.

Also before the Court is Defendants eBet Limited and eBet Services Pty, Ltd.'s (collectively "the eBet Defendants") Motion to Dismiss[1] (Doc. #32), filed on January 29, 2013. Plaintiffs filed a Response (Doc. #33) on February 12, 2013. The eBet Defendants filed a Reply (Doc. #34) on February 19, 2013.

---

[1] This document is titled Motion for Leave to Appeal, however under the Court's Order (Doc. #31), the Court is treating this as the eBet Defendants' Motion to Dismiss.

## I. BACKGROUND

Debtors Sona Mobile Holdings Corp., Sona Innovations, Inc., and Sona Mobile, Inc. (collectively "the Sona Companies") filed for voluntary bankruptcy in the United States Bankruptcy Court for the District of Nevada on March 30, 2009. (Am. Compl. (Bankr. Doc. #132) at ¶¶ 1, 3, 5.) Plaintiff Timothy S. Cory is the chapter 7 trustee of Sona Mobile Holdings Corp., Plaintiff William A. Leonard is the chapter 7 trustee of Sona Innovations, Inc., and Lenard E. Schwartzer is the chapter 7 trustee of Sona Mobile, Inc. (Id. ¶¶ 2, 4, 6.)

Before the Soma Companies filed for bankruptcy, Sona Mobile Holdings Corp. and the eBet Defendants entered into a Master Services Agreement ("MSA") whereby the eBet Defendants would provide consulting, maintenance, and financial services for the Sona Companies.[2] (Am. Compl., Ex. A ["MSA"].) The MSA contains a forum selection clause stating that New York courts have exclusive jurisdiction over any dispute that "arises out or in connection with" the MSA. (Id. § 27.2.) Defendant Toohey was the Chief Executive Officer of the eBet Defendants, and pursuant to the MSA he became the Chief Executive Officer of the Sona Companies. (Am. Compl. at 6.)

Plaintiffs filed an adversary proceeding against Defendants in bankruptcy court concerning Defendants' pre-bankruptcy actions relating to the MSA. (Transmittal of Mot. to Withdraw the Reference (Doc. #5), Attach. 3.) In their original Complaint, Plaintiffs alleged breach of contract (claim 1) and breach of implied duty of good faith and fair dealing (claim 2) against the eBet Defendants. (Id. at 8-9.) Plaintiffs alleged breach of fiduciary duty (claim 3) and punitive damages for that breach (claim 4) against Toohey. (Id. at 10-11.)

///

---

[2] Sona Mobile, Inc., Sona Innovations, Inc., and the eBet Defendants also entered into a Licensing and Distributing Agreement before the Sona Companies filed for bankruptcy. However, this contract is not at issue in this case.

2

1    In the bankruptcy court, the eBet Defendants filed a Motion to Dismiss or
2 Transfer Venue based on the forum selection clause in the MSA.  (Id., Attachs. 12-15.)  The
3 bankuptcy court found the forum selection clause valid but declined to enforce it because
4 the trustees' lack of funds made enforcing the clause "unduly inconvenient" for the trustees.
5 (Tr. of Proceedings (Bankr. Doc. #106) at 8-9.)  The bankruptcy court therefore denied the
6 eBet Defendants' Motion to Dismiss or Transfer Venue.  (Transmittal of Mot. to Withdraw
7 the Reference, Attach. 6; Order (Bankr. Doc. #55).)

8    After the bankruptcy court denied the eBet Defendants' Motion to Dismiss, they
9 filed an Answer, a Motion to Withdraw the Reference, and a Motion for Leave to Appeal to
10 this Court the bankruptcy court's order denying the eBet Defendants' Motion to Dismiss.
11 (Transmittal of Mot. to Withdraw the Reference, Attachs. 1, 5, & 9.)  This Court granted the
12 Motion to Withdraw the Reference.  (Order (Doc. #18).)  This Court also granted the
13 Motion for Leave to Appeal by treating it as the eBet Defendants' Motion to Dismiss in this
14 Court.  (Order (Doc. #31).)

15    Before this Court withdrew the reference, Toohey also filed a Motion to Dismiss
16 in the bankruptcy court.  (Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(3) & 12(B)(6)
17 (Bankr. Doc. #122).)  Toohey argued the forum selection clause applied, and healternatively
18 argued that Plaintiffs failed to state a claim for breach of fiduciary duty and for punitive
19 damages against Toohey.  (Id.)  The bankruptcy court found Plaintiffs needed to "outline
20 with significantly more facts and specificity why Mr. Toohey violated his fiduciary duty"
21 and that Plaintiffs had not alleged any facts showing Toohey was willful, malicious, or
22 intentionally fraudulent to support their punitive damages claim.  (Tr. of Proceedings of
23 Mot. to Dismiss Party Anthony Toohey (Bankr. Doc. #129) at 6-7.)  The bankruptcy court
24 thus granted Toohey's Motion to Dismiss, but gave Plaintiffs twenty days to amend their
25 complaint.  (Id.)  Plaintiffs filed an Amended Complaint, and Toohey filed a Motion to
26 Dismiss the Amended Complaint, which is now before this Court.  (Am. Compl. (Bankr.

Doc. #132); Mot. to Dismiss Am. Adversary Compl. Pursuant to Fed. R. Civ. P. 12(B)(3), 12(B)(6), & 17(a)(1) (Bankr. Doc. #134).)

In their Amended Complaint, Plaintiffs allege breach of contract (claim 1) and breach of implied duty of good faith and fair dealing (claim 2) against the eBet Defendants. (Am. Compl. at 10-12.) Plaintiffs allege the eBet Defendants breached their duties under the MSA by failing to provide the services and reimbursements they were obligated under the MSA to provide the Sona Companies. (Id. at 10.) Plaintiffs allege the eBet Defendants breached the implied duty of good faith and fair dealing by failing to reimburse the Sona Companies and failing to hire the Sona Companies' technical employees as required under the MSA. (Id. at 11.)

Plaintiffs also allege breach of fiduciary duty (claim 3) against Defendant Toohey, which includes an allegation that Toohey's conduct entitled Plaintiffs to punitive damages. (Id. at 12-14.) Plaintiffs allege Toohey breached his duty of loyalty to the Sona Companies by acting on both sides of a transaction between the Sona Companies and the eBet Defendants in a self interested manner that harmed the Sona Companies' shareholders, eventually forcing the Sona Companies into bankruptcy. (Id. at 13-14.) Plaintiffs also allege Toohey breached his duty of care to the Sona Companies in various ways. (Id. at 12-14.) Plaintiffs finally allege they are entitled to punitive damages because Toohey's conduct was willful and malicious or intentionally fraudulent, or because Toohey manifested a knowing and reckless indifference towards the Sona Companies' rights. (Id. at 14.)

In moving to dismiss, all Defendants argue this Court should enforce the forum selection clause in the MSA, and therefore the case should be dismissed or transferred to the United States District Court for the Southern District of New York. Defendant Toohey also argues the trustees for Sona Innovations, Inc. and Sona Mobile, Inc. lack standing and are not real parties in interest because these two Sona Companies were not parties to the MSA.

4

Toohey also argues the Court should dismiss Plaintiffs' allegations against him for failing to state a claim under New York corporate fiduciary duty law. The Court finds that the forum selection clause should be enforced, and therefore does not reach the parties' other arguments.

**II. FORUM SELECTION CLAUSE**

Defendants argue the Court should dismiss or transfer the case to New York because the MSA provides that New York maintains exclusive jurisdiction over claims relating to the MSA. Defendants argue the forum selection clause is valid and enforceable because Plaintiffs have not provided sufficient evidence to show that enforcing the clause effectively would deprive Plaintiffs of their day in court.

Plaintiffs argue that enforcing the forum selection clause would be unjust because the forum selection clause does not benefit any party, and the enforcement would effectively deprive Plaintiffs of their day in court on these claims. Plaintiffs assert that they have an agreement with their Nevada attorneys to litigate this case, and that it would cost more money to obtain counsel in New York and have their Nevada attorneys travel to litigate the case. Thus, Plaintiffs argue the Court should not enforce the forum selection clause and should find this Court is the proper venue.

A motion to dismiss based on a forum selection clause is treated as a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). Doe 1 v. AOL LLC, 552 F.3d 1077, 1081 (9th Cir. 2009). Under this standard, the Court "must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the nonmoving party." Petersen v. Boeing Co., 715 F.3d 276, 279 (9th Cir. 2013) (quotation omitted). The Court need not accept the pleadings as true and may consider facts outside the pleadings. Id.

"[T]he trustee stands in the shoes of the bankrupt corporation and has standing to bring any suit that the bankrupt corporation could have instituted had it not petitioned for

bankruptcy." Smith v. Arthur Andersen LLP, 421 F.3d 989, 1002 (9th Cir. 2005) (quotation omitted). This also means "the trustee is subject to all claims and defenses which might have been asserted against the bankrupt but for the filing of the petition," including contractual forum selection clauses. In re Destro, 675 F.2d 1037, 1040 (9th Cir. 1982) (quotation omitted); In re Mercurio, 402 F.3d 62, 66 (1st Cir. 2005) (enforcing against the trustee a forum selection clause contained in a contract entered into by the debtor before the debtor filed for bankruptcy).

"The enforceability of forum selection clauses is governed by federal law." Petersen, 715 F.3d at 280. "[W]hile courts normally defer to a plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue," such as agreeing to a forum selection clause in a contract. Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995). "[F]orum selection clauses are presumptively valid, [and] they should be honored absent some compelling and countervailing reason." Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004) (quotation omitted).

Courts may find enforcing a forum selection clause unreasonable if one of the following grounds are present: (1) "the inclusion of the clause in the agreement was the product of fraud or overreaching"; (2) "the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced"; or (3) "enforcement would contravene a strong public policy of the forum in which suit is brought." Id. (quotation omitted). The party seeking to avoid a forum selection clause bears a heavy burden of proof and must clearly show a ground upon which the clause is unenforceable. Id.; Doe 1, 552 F.3d at 1083. Ultimately, whether to enforce a forum selection clause lies within the district court's discretion. Petersen, 715 F.3d at 279.

Plaintiffs do not argue the inclusion of the forum selection clause was the product of fraud or overreaching, or that enforcement would contravene a strong public

6

policy.³ Thus, the only potential ground for finding the forum selection clause unenforceable here is whether Plaintiffs effectively would be deprived of their day in court if the clause is enforced. A party must present "specific evidence" to demonstrate that it would be effectively deprived of its day in court if the forum selection clause were enforced. Id. at 281 (finding an employee's sworn affidavit that he lacked the resources to litigate in Saudi Arabia, the forum designated in his employment contract, and evidence showing the employee may not be able to reenter Saudi Arabia or freely leave the country while the litigation was pending if he could to reenter, demonstrated the employee would be deprived of his day in court if the forum selection clause were enforced).

Increased litigation costs generally are not enough to find enforcement of the forum selection clause unreasonable. In re Mercurio, 402 F.3d at 66 ("The cost of [litigating in a different forum] alone cannot be enough to meet the heavy burden imposed upon the reneging party." (quotation marks omitted)); see also Fireman's Fund Ins. Co. v. M.V. DSR Atl., 131 F.3d 1336, 1338 (9th Cir. 1997) (finding the "serious inconvenience" of an American party having to litigate in Korea based on a forum selection clause did not meet the heavy burden of proof required to render the enforcement of a forum selection clause unreasonable). However, specific evidence showing that increased litigation costs actually would deprive the party opposing enforcement of the forum selection clause from bringing suit in the contractually mandated forum may be sufficient to show the forum selection clause should not be enforced. Cf. Murphy, 362 F.3d at 1142-43 (finding the combination of a plaintiff's low monthly income, combined with his inability to work or to travel long distances due to a disability, demonstrated the plaintiff would be unable to

---

³ The parties do not dispute that this proceeding is non-core to the bankruptcy. Thus, the general public policy in favor of centralizing bankruptcy proceedings does not render application of the forum selection clause unreasonable here. See In re McCrary & Dunlap Constr. Co., 256 B.R. 264, 266 (Bankr. M.D. Tenn. 2000) ("Undoubtedly, public policy does favor centralization of bankruptcy proceedings in bankruptcy court where a case is pending. However, this policy is not so strong as to abandon the forum selection clause if the proceeding is non-core." (internal citation omitted)).

maintain suit in the contractually mandated forum, rendering enforcement of the clause unreasonable).

Finally, whether the party seeking enforcement of the clause would obtain any benefit from enforcing the clause or bear a burden from not enforcing the clause is not a consideration in determining whether a forum selection clause is unreasonable. Rather, the party opposing enforcement has the burden to show enforcing the clause would effectively deprive that party of its day in court. See In re D.E. Frey Grp., Inc., 387 B.R. 799, 807 (D. Colo. 2008) (finding the bankruptcy court improperly shifted the burden to the party seeking enforcement of the forum selection clause by finding that ignoring the forum selection clause would not detrimentally affect the party seeking enforcement). And even if neither party has a tie to the contractually mandated forum, the forum selection clause still may be enforced. In re Manchester, Inc., 417 B.R. 377, 387 (Bankr. N.D. Tex. 2009) ("While the parties may have few, if any, direct ties to New York, they chose to have all disputes settled before a New York court applying New York law.").

Here, as chapter 7 trustees appointed to manage the liquidation of the Sona Companies' assets, Plaintiffs have stepped into the shoes of the Sona Companies to enforce the MSA, which includes the MSA's forum selection clause. Viewing the evidence in the light most favorable to Plaintiffs, the Court in its discretion will enforce the forum selection clause because Plaintiffs have not met their burden to show the Court should not enforce the forum selection clause. Plaintiffs represent debtor companies who are liquidating their assets to pay creditors, which indicates Plaintiffs have limited funds to pursue this litigation. And Plaintiffs have presented evidence that litigating this case in New York would result in an increased financial burden, including obtaining New York attorneys and paying the expenses for Plaintiffs' current counsel to travel to New York. (Decl. of Timothy S. Cory Regarding Litig. in N.Y. (Doc. #33-1) & Exs. 1-4.) Thus, Plaintiffs have shown they would spend more money to litigate this matter if the forum selection clause is enforced, which in

the face of the debtors' limited resources may create a hardship for Plaintiffs.

However, Plaintiffs have not presented specific evidence that the increase in costs effectively would deprive them of their day in court. Plaintiff Trustee Timothy S. Cory stated that he believes "costly litigation in New York could deprive the assets for the estates before a conclusion is reached in this litigation." (Id. at ¶ 20.) This is not enough to meet Plaintiffs' heavy burden to present specific evidence to clearly show that increased costs resulting from enforcing the forum selection clause would effectively deprive Plaintiffs of their day in court. In re Mercurio, 402 F.3d at 66-67 (finding the trustee was required to provide a factual record establishing he would be deprived of his day in court, rather than merely asserting it would be more expensive). Therefore, although enforcing the forum selection clause may cause increased litigation costs, Plaintiffs have not clearly shown the increased costs would be so burdensome as to deprive Plaintiffs of their day in court.

Furthermore, that Defendants may not be burdened by keeping this case in this Court does not demonstrate that Plaintiffs would be deprived of their day in court if the forum selection clause is enforced. Plaintiffs carry the heavy burden to clearly show that they would be deprived of their day in court, regardless of whether Defendants have a neutral interest in litigating in Nevada versus New York.

Plaintiffs rely on In re Healthco International, Inc., 195 B.R. 971 (Bankr. D. Mass. 1996), to argue that enforcing the forum selection clause here would be unreasonable because Plaintiffs are chapter 7 liquidating trustees, rather than chapter 11 reorganization trustees. However, in Healthco the debtor originally filed for chapter 11 bankruptcy, but soon converted the bankruptcy to chapter 7. Id. at 976, 989. Thus, Healthco does not demonstrate why a chapter 7 trustee should be treated differently than a chapter 11 trustee. Furthermore, in Healthco, the bankruptcy court declined to enforce a forum selection clause primarily because a new suit in the selected forum would have been time-barred. Id. at 989. Thus, the party opposing the enforcement of the forum selection clause would have been

9

deprived of its day in court. Id. The court in Healthco also determined that because the claims against the party seeking to enforce the forum selection clause were "inextricably linked" with claims against other parties not subject to the forum selection clause, enforcing the clause would result in tremendous duplicative efforts and risk an inconsistent result. Id. Thus, Healthco does not demonstrate that the forum selection clause should not be enforced here.

Plaintiffs further argue that even if this case had been filed in New York, they would have had the absolute right to remove the action to Nevada District Court under 28 U.S.C. §§ 1334, 1408, 1409, and 1452, and Federal Rule of Bankruptcy Procedure 9027. With the exception of 28 U.S.C. § 1408, which dictates where a case under title 11 may be initiated and is unrelated to removal, these statutes and bankruptcy rule allow parties to file or remove cases related to a bankruptcy proceeding in or to the district court embracing the bankruptcy proceeding. 28 U.S.C. § 1334(b) (granting "the district courts original but not exclusive jurisdiction" of all civil proceedings "arising in or related to cases under title 11"); id. § 1409 (stating that a proceeding "arising in or related to a case under title 11 may be commenced in the district court in which such case is pending"); id. § 1452 (stating a party may remove claims related to bankruptcy cases "to the district court for the district where such civil action is pending, if such district court has [diversity] jurisdiction"); Fed. R. Bankr. P. 9027 (setting out the procedure for removal to the bankruptcy court). However, the statutes and bankruptcy rule do not provide that the district court embracing the bankruptcy court is the mandatory and exclusive jurisdiction for cases related to the bankruptcy. Therefore, these statutes and bankruptcy rule do not preclude the enforcement of the forum selection clause.[4]

---

[4] Plaintiffs also argue that if the Court decides this case should be dismissed, the Plaintiffs should receive an additional opportunity for discovery to support Plaintiffs' contention that Defendants have the necessary minimum contacts to establish personal jurisdiction in Nevada. However, the Court is transferring this matter not for a lack of personal jurisdiction, but because the forum selection

10

Plaintiffs also argue that under issue preclusion, Defendants are precluded from relitigating whether the forum selection clause is enforceable.  However, after this Court withdrew the reference, this Court granted the eBet Defendants leave to appeal the bankruptcy court's ruling on the forum selection clause's enforceability, by treating the motion for leave to appeal as a motion to dismiss.  (Order (Doc. #31).)  Thus, the bankruptcy court's decision not to enforce the forum selection clause is not "sufficiently firm" to be accorded preclusive effect because this Court is reviewing the bankruptcy court's decision.  See Luben Indus., Inc. v. United States, 707 F.2d 1037, 1040 (9th Cir. 1983) (stating a decision may be "sufficiently firm" for issue preclusion purposes when "the decision was [already] subject to appeal or was in fact reviewed on appeal" (quotation omitted)).  Defendants therefore are not precluded from arguing this Court should enforce the forum selection clause.

Plaintiffs have not met their burden to clearly show that the Court should not enforce the MSA's forum selection clause.  The Court therefore orders this case transferred to the United States District Court for the Southern District of New York.

The Court also notes that Plaintiffs filed their Amended Complaint with the bankruptcy court before this Court withdrew the reference, and have not filed the Amended Complaint with this Court.  (Am. Compl. (Bankr. Doc. #132).)  To ensure the Southern District of New York has a copy of the operative complaint in this action, the Court orders Plaintiffs to file the Amended Complaint with the Southern District of New York after the case is transferred.

///
///
///

---

clause in the MSA is valid and enforceable.  Thus, Plaintiffs' request for further discovery is denied as moot.

11

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Anthony P. Toohey's Motion to Dismiss Amended Adversary Complaint (Doc. #23) and Defendants eBet Limited and eBet Services Pty, Ltd.'s Motion to Dismiss (Doc. #32) are hereby **GRANTED** to the extent that the Court will enforce the forum selection clause.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transfer this action to the United States District Court for the Southern District of New York.

**IT IS FURTHER ORDERED** that Plaintiffs Timothy S. Cory, William A. Leonard, and Lenard E. Schwartzer shall within 30 days from the date this case is transferred file a copy of the Amended Complaint (Bankr. Doc. #132) with the United States District Court for the Southern District of New York.

DATED:  July 5, 2013

_____
PHILIP M. PRO
United States District Judge